IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00186-CR

 

Steven J. Perez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Criminal Court No.
9

Tarrant County, Texas

Trial Court No. 0955181

 



MEMORANDUM  Opinion



 

      Appellant
Steven Perez appeals his conviction for Driving While Intoxicated.  We will
affirm.

Background

      On October 25, 2004, near midnight, Officer
M.E. Byrd of the Fort Worth Police Department observed an automobile turn
without signaling or using the merge lane.  As there had been several
burglaries in the area, Byrd followed the car without turning on his emergency
lights to investigate.  Almost immediately, the driver pulled over to the side
of the road and exited the vehicle.

      Before Byrd had an opportunity to run the
plates on the car, he saw Perez walking towards his car.  He noted that Perez
shifted forward on his toes then back on his heels as he walked, and had to
“control his body weight as it moved in a counterclockwise motion.”  Perez
leaned into the passenger-side window of Bryd’s patrol car and asked, “Is there
a problem, officer?”  Perez smelled of alcohol mixed with peppermint, his
speech was slurred, and his eyes were bloodshot and “heavy.”  When asked if he
had been drinking, Perez responded that he “had a few.”

      Byrd administered a series of field sobriety
tests including the Horizontal Gaze Nystagmus (HGN) test, the walk-and-turn
test, and the one-leg-stand test.  Byrd arrested Perez after determining that
he had failed the three tests.  Officer Phillip Whitehead transported Perez to
jail while Byrd searched Perez’s vehicle.  Byrd found a cooler behind the
driver’s seat, which contained four unopened bottles of an alcoholic beverage.

      Approximately one hour and fifteen minutes
after pulling over his car, Perez submitted to an intoxilyzer test.  The
results indicated that his body’s alcohol concentration was 0.169 and 0.170.

      Perez was convicted of D.W.I., fined $750,
and sentenced to 120 days in the Tarrant County Jail.  His sentence was
probated for a period of two years.  In his sole issue, he complains that the
evidence was legally insufficient to support the conviction.




Legal Sufficiency

When reviewing a challenge to the
legal sufficiency of the evidence, we must determine whether, after viewing all
the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)
(citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560 (1979)).  We do not resolve any conflict of fact or assign
credibility to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  Inconsistencies in the evidence
are resolved in favor of the verdict.  Curry, 30 S.W.3d at 406; Matson,
819 S.W.2d at 843.

      A person commits the offense of Driving
While Intoxicated if he is intoxicated while operating a motor vehicle in a
public place.  Tex. Pen. Code Ann. §
49.04(a) (Vernon 2003).  “Intoxicated” is defined as:  (A) not having the
normal use of mental or physical faculties by reason of the introduction of
alcohol … into the body; or (B) having an alcohol concentration of 0.08 or
more.  Tex. Pen. Code Ann. § 49.01(2)
(Vernon 2003).

      At trial, Byrd testified that he had no
doubt that Perez had lost the normal use of his mental and physical faculties
due to drinking alcohol.  He stated this opinion was based on Perez’s failure
to use his turn signal or the merge lane, the signs of intoxication he exhibited
as he walked to the police car, his admission that he had been drinking, and the
results of three field sobriety tests.

      He stated that Perez exhibited all six
possible clues of intoxication on the HGN test.  Perez failed the walk-and-turn
test by failing to maintain the starting position, trying to start the test
before the instructions for the test had been provided, losing his balance and
staggering backward when he tried to turn, and losing his balance when he
returned to the starting position.  He failed the one-leg-stand test by
beginning the test before Byrd provided all the instructions, being unable to
maintain his balance, and placing his foot down more than three times.  The
jury viewed the videotape from Byrd’s patrol car which showed Perez taking the
field sobriety tests.  Additionally, Byrd testified that Perez’s speech was
slurred, his eyes were bloodshot and “heavy,” and he smelled of alcohol.

      Whitehead also testified that Perez smelled
of alcohol.  He further testified that he administered the intoxilyzer test,
and Perez’s results showed an alcohol concentration of 0.169 and 0.170, over
the legal limit of 0.08.  Whitehead stated that he had no doubt that Perez was
intoxicated although he was able to follow directions in the test room and did
not stumble when asked to walk a straight line.[1]

      In viewing the evidence in the light most
favorable to the verdict, we cannot say that a rational trier of fact could not
have found guilt beyond a reasonable doubt or that the jury was not rationally
justified in finding guilt.  See Curry, 30 S.W.3d at 406.  Accordingly,
we find that the evidence is legally sufficient to support a finding that Perez
was intoxicated while operating a motor vehicle in a public place.




Conclusion

      Having overruled Perez’s sole issue, we
affirm the judgment of the trial court.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 16, 2007

Do
not publish 

[CR25]









    [1]   The
State argues that the videotape of Perez taking the intoxilyzer test shows that
Perez did not follow directions, swayed, and placed his hand on the wall to
steady himself.